**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GARY L. SIMPSON, | ) |
|       Petitioner, | ) |
| v. | )   Case No. 16-CV-0153-CVE-FHM |
| CARL BEAR, Warden, | ) |
|       Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus case. Petitioner is a state inmate and appears pro se. In response to the petition (Dkt. # 1), Respondent filed a motion to dismiss petition as time barred (Dkt. # 7), along with a supporting brief (Dkt. # 8). Petitioner filed a response to the motion to dismiss (Dkt. # 9). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice.

### *BACKGROUND*

The record reflects that, at the conclusion of a jury trial held in Mayes County District Court, Case No. CF-2008-273, Petitioner Gary L. Simpson was convicted of Child Sexual Abuse. See Dkt. # 8-1. In accordance with the jury's recommendation, the trial judge sentenced Petitioner to life imprisonment. Id. Petitioner was represented at trial by attorney Mark Antinoro. Id.

Represented by attorney Ricki J. Walterscheid, Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed November 8, 2012, in Case No. F-2011-530, the OCCA affirmed the Judgment and Sentence of the trial court. See id. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On February 13, 2015, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 8-2. The district court judge denied the requested relief on September 25, 2015. See Dkt. # 8-3 Petitioner filed a post-conviction appeal and a motion to supplement the record with a certified copy of the District Court order denying post-conviction relief. On January 6, 2016, in Case No. PC-2015-900, the OCCA granted the motion to supplement the petition in error and affirmed the denial of post-conviction relief. See Dkt. # 8-4.

On March 21, 2016, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies the following grounds for relief: (1) "due process 14th Amend. violations and Americans Disabilities Act," (2) "new evidence proving actual and factual and legal innocence," (3) "ineffective assistance of trial and appeals counsel 6th Amend. violations," and (4) "new evidence proving trial court lacked jurisdiction and prosecutor withheld Brady materials." See id. Petitioner alleges his petition is "within time limits." Id. at 13.

In response to the petition, Respondent filed a motion to dismiss and supporting brief (Dkt. ## 7, 8), arguing that the petition is time barred. Petitioner filed a response in opposition to the motion to dismiss (Dkt. # 9), claiming entitlement to equitable and statutory tolling. In support of those claims, Petitioner provides his own affidavit and the affidavit of fellow inmate Robert Cotner, # 93780.[1] See Dkt. # 9 at 4-6.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

---

[1]Although both affidavits are "verifie[d] under penalties of perjury," neither affidavit is notarized. See Dkt. # 9 at 4-6. In addition, Petitioner's affidavit is not dated. Id. at 5.

2

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. See § 2244(d)(2).

**A. Petition is untimely under 28 U.S.C. § 2244(d)(1)(A)**

Under § 2244(d)(1)(A), this petition is time-barred. Petitioner's convictions became final on February 6, 2013, after the OCCA entered its direct appeal ruling on November 8, 2012, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on February 7, 2013, and, absent a tolling event, a federal petition for writ of habeas corpus filed after February 7, 2014, would be untimely. See United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate

3

AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). The Clerk of Court received this petition for filing on March 21, 2016, more than two (2) years beyond the deadline.

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner did not file his application for post-conviction relief until February 13, 2015 – more than a year after the February 7, 2014 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, Petitioner's post-conviction proceeding did not serve to toll the limitations period.

**B. Petition is untimely under 28 U.S.C. § 2244(d)(1)(B), (D)**

In response to the motion to dismiss, Petitioner states "[i]t is unquestionable the State's activity interfered with access to the State's system in this case" and that § 2244(d)(1)(B), (D) "tolls time until State impeadiments [sic] have been removed." See Dkt. # 9 at 2. While it is true that, under § 2244(d)(1)(B), the one-year limitations period may not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed," Petitioner completely fails to identify any State action creating an impediment. Nor does Petitioner identify a causal link between any State action and his inability to file a petition within the one-year time period. See Williams v. Estep, 259 F. App'x 69,

71-72 (10th Cir. 2007) (unpublished).[2] Similarly, Petitioner provides absolutely no factual support for a claim that § 2244(d)(1)(D) (providing that one-year period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence") applies in this case. Therefore, the Court finds that Petitioner cannot take advantage of either § 2244(d)(1)(B) or (D) to render his petition timely.

## C. Equitable tolling

Petitioner also asserts entitlement to equitable tolling. See Dkt. # 9. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of extraordinary circumstances and due diligence." Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)) (internal quotation marks omitted).

### 1. Physical disabilities

Petitioner claims that he is entitled to equitable tolling "based on V.A. service connected disabilities, (100%)." See Dkt. # 9 at 1. However, other than stating that he is "wheelchair bound

---

[2]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

with numerous medical problems," id. at 4, he fails to describe his "disabilities" or his "medical problems." Nor has Petitioner explained how his alleged disabilities and medical problems prevented him from filing a timely petition for writ of habeas corpus. Under these facts, Petitioner has failed to demonstrate entitlement to equitable tolling based on his physical disabilities. See, e.g., O'Bryant v. Oklahoma, 568 F. App'x 632, 636 (10th Cir. 2014) (unpublished) (stating that "federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity such as that resulting in institutionalization or adjudged mental incompetence"); Sandoval v. Jones, 447 F. App'x 1, 4 n.6 (10th Cir. 2011) (unpublished) (finding that the petitioner's "conclusory statements about lack of legal resources and his medical disability are not enough to support application of the equitable-tolling remedy").

### 2. Denial of access to legal materials

Next, Petitioner complains that during his incarceration, he has been "denied access to law libary [sic] or legal assistance." See Dkt. # 9 at 4. Courts have held that restrictions placed on a prisoner's access to legal materials by corrections officials, especially when the filing deadline is fast approaching, can constitute an extraordinary circumstance providing a basis for equitable tolling. See U.S. v. Gabaldon, 522 F.3d 1121, 1125-26 (10th Cir. 2008); Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000); Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (compiling cases and noting that some courts have considered a deprivation of access to legal materials to be stronger grounds for equitable tolling when the deprivation occurs close to the filing deadline).

Petitioner provides no evidence demonstrating specific dates nor has he alleged specific facts showing that his inability to access legal materials prevented his timely filing of a § 2254 petition.

Petitioner does not identify any particular legal argument that he was unable to develop nor does he otherwise explain how his lack of access to legal materials prevented him from filing his federal petition in a timely manner. See Parker v. Jones, 260 F. App'x 81, 85 (10th Cir. 2008) (unpublished) (finding inmate's vague allegations that he was in lock-down and had no access to legal materials will not justify equitably tolling the limitations period); Everson v. Kan. Dep't of Corrs., 232 F. App'x 815, 817 (10th Cir. 2007) (unpublished) (finding a petitioner's failure to allege specific facts as to how lack of access to legal resources impeded his ability to timely file a claim rendered it insufficient to show entitlement to equitable tolling); Abel v. Kansas, 187 F. App'x 867 (10th Cir. 2006) (unpublished). Petitioner's conclusory allegations are insufficient to entitle him to equitable tolling based on denial of access to legal materials.

### 3. Actual innocence

In his petition, Petitioner claims he has "new evidence proving actual and factual and legal innocence." See Dkt. # 1 at 7. A claim of actual innocence may in fact overcome the bar resulting from the one-year statute of limitations. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013); Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). The Tenth Circuit has "stress[ed] that this actual innocence exception is rare and will only be applied in the extraordinary case." Lopez, 628 F.3d at 1231 (internal quotation marks omitted). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousley v. U.S., 523 U.S. 614, 623-24 (1998).

To take advantage of the "actual innocence" gateway, a habeas petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup v. Delo, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324. Moreover, this new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." Id. at 327; see also House v. Bell, 547 U.S. 518, 536-37 (2006).

Here, Petitioner presents no new evidence to support his actual innocence claim. The affidavit of Robert Cotner, # 93780, see Dkt. # 9 at 6, does not rise to the level of "new reliable evidence." Therefore, Petitioner's unsupported allegation of actual innocence is insufficient to overcome the statute of limitations bar. See Bousley, 523 U.S. at 623-24.

In the absence of equitable or statutory tolling, the petition for writ of habeas corpus is clearly time barred. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner

can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition based on the statute of limitations is debatable. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 9th day of January, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE